No. A-CV-32-86

## Supreme Court of the Navajo Nation

Mavis E. Benally, *Plaintiff-Appellee,*

vs.

Barbara Black, *Defendant-Appellant.*

Decided March 11, 1987

# OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Peter Breen, Esq., Navajo Legal Aid and Defender Service, Window Rock, Arizona for the Appellant; Larry Kee Yazzie, Esq., Tuba City, Arizona for the Appellee.*

*Per Curiam.*

The issue in this case is whether the Appellant is entitled to a new trial on the grounds that the judge who presided at the trial on the merits of the case did not enter the final judgment. We remand for a new trial.

District Judge Walters presided over the trial on the merits of the case, but before he could enter his findings and the final judgment, he was placed on administrative leave. Judge Walters was ordered to refrain from performing any judicial duties while on administrative leave. District Judge Brown replaced Judge Walters. Even though Judge Brown did not hear the evidence in this case, and otherwise being unfamiliar with the case, he entered the final judgment. The final judgment was drafted by Appellee's counsel and submitted to Judge Brown for his signature without notice to Appellant's counsel.

Appellant Black's appeal was opposed with Appellee's Motion to Dismiss the Appeal. Appellant Black responded to the motion to dismiss, and she requested that we dispose of the case on the record. Appellee Benally has raised two arguments in her motion to dismiss, and they concern the motion for reconsideration and substitution of counsel. These two alleged procedural errors have been cured, therefore they will not be considered in this Opinion.

Our opinion is that a litigant is entitled to a decision on the merits from the judge who heard and saw the evidence, passed upon the credibility of witnesses, and observed the atmosphere of the trial. To require a judge, who did not preside over the trial, to enter findings and a final decision in a case with which he is unfamiliar, is to deny the parties due process of law.

In this case, Judge Brown is alien to the case for which he entered a final decision. Judge Brown did not hear or see the evidence, pass upon the credibility of witnesses, or otherwise observe the trial. We hold that, within the Navajo Nation, only the judge who presided at the trial shall enter findings of fact, conclusions of law and the final judgment or order.

The final judgment entered by the Honorable Judge Brown is reversed and the case is remanded for a new trial on the merits. We suggest that it is in the best interests of the parties to settle out of court. The motion to dismiss the appeal is denied. The Appellee's request for an award of attorney's fees is denied.